UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| EDWARD CHRISTIAN MATHEWS III, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil No. 19-11057-LTS |
| ADVISED ASSETS GROUP, LLC & DOUGLAS J. HEALD, | ) ) ) ) | |
| Defendants. | ) ) ) | |

ORDER ON MOTION TO DISMISS, STAY, OR COMPEL ARBITRATION (DOC. NO. 13)

September 24, 2019

SOROKIN, J.

Edward Christian Mathews III has sued his former employer, Advised Assets Group, LLC ("AAG"), and his former manager, Douglas J. Heald, for defamation, breach of contract, and tortious interference with business relationships. Doc. No. 8. Mathews worked for both AAG and an affiliated entity, GWFS Equities, Inc. ("GWFS"), pursuant to an employment contract he entered with Great-West Life and Annuity Insurance Company, the parent company of both AAG and GWFS. Id. ¶¶ 4-5. He was fired on September 5, 2018. Id. ¶ 25. The reason cited in his Notice of Termination from both subsidiaries was Mathews's violation of certain internal policies. Id.; Doc. No. 14-1 at 7. His claims arise from statements contained in public reports filed by AAG regarding Mathews's termination.

Several months before filing this action, Mathews filed a complaint against GWFS with the Financial Industry Regulatory Authority ("FINRA"). Doc. No. 14-1. In that complaint, Mathews asserts the same three causes of action against GWFS and describes essentially the

same underlying set of facts.  Id.  Arbitration before FINRA is scheduled to begin in January 2020.  Doc. No. 14 at 2.

The defendants seek dismissal of Mathews's claims or, in the alternative, an order staying this action or compelling arbitration.  Doc. No. 13.  To the extent the defendants seek dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6), their motion is DENIED.  Having reviewed the Amended Complaint and applied the familiar standard, see Ocasio-Hernandez v. Fortuno-Burset, 640 F.3d 1, 8-13 (1st Cir. 2011), the Court concludes Mathews has supplied sufficient factual allegations to state facially plausible claims against the defendants.

To the extent the pending motion requests an order compelling arbitration as to one or both defendants, it also is DENIED.  The Court is not persuaded it can or should require AAG or Heald to participate in the pending FINRA arbitration.[1]

However, insofar as the defendants seek an order staying this action pending the outcome of the FINRA arbitration, their motion is ALLOWED.  The "prior pending action" doctrine empowers a court to "stay or dismiss a later-filed action . . . if two conditions are met: (1) there exists an identity of issues between the two actions and (2) the controlling issues in the later-filed filed action will be determined in the earlier-filed action."  Quality One Wireless, LLC v. Goldie Grp., LLC, 37 F. Supp. 3d 536, 541 (D. Mass. 2014).  The doctrine, which "arises out of concerns about judicial efficiency and avoiding inconsistent judgments," is not limited to actions involving identical parties, extending also to cases involving parties that "share sufficient congruence of interests."  Id.

---

[1] Nothing in this Order precludes either defendant from seeking permission from FINRA to intervene in the arbitration.

Here, the relevant conditions plainly are satisfied.  The two pending actions involve the same plaintiff.  Although the defendants are not identical, both are subsidiaries of the same parent company, Mathews's employment with each subsidiary arose from the same employment contract and spanned the same time period, his firing occurred in a single meeting which terminated his employment with both subsidiaries for the same reason, and the public statements that form the basis of his claims are essentially indistinguishable in substance.  Even if the two subsidiaries engage in distinct types of business, their interests with respect to Mathews's claims are largely similar, if not identical.  In these circumstances, the requisite "congruence of interests" is present vis a vis AAG and GWFS.

Moreover, the facts Mathews alleges and the claims he asserts are substantially the same,[2] such that there is nearly complete "identity of issues" between the two matters.  And finally, even if the doctrine of res judicata would not require as a matter of law that the disposition of Mathews's claims against GWFS would control the outcome of his claims against AAG, AAG has "agree[d] to be bound by the outcome of the FINRA action."  Doc. No. 22 at 4 n.1.  The Court relies on that representation in allowing the defendants' request for a stay.

In sum, both this action and the FINRA arbitration will turn on whether the reasons supplied publicly for Mathews's firing were pretextual (and, thus, defamatory).  Pursuant to the "prior pending action" doctrine, as well as this Court's "inherent power to control its docket," a stay of this action pending resolution of the arbitration is warranted.  Quality One, 37 F. Supp. 3d at 541, 543.

---

[2] The defendants suggest that the Amended Complaint in this action was drafted by simply copying the FINRA complaint and replacing "GWFS" with "AAG" and adding Heald.  Doc. No. 14 at 3.  This appears to be the case.  Compare Doc. No. 8, with Doc.  No. 14-1.

For the foregoing reasons, the defendants' motion to dismiss or stay (Doc. No. 13) is ALLOWED in part and DENIED in part as described above, and this action is STAYED pending resolution of the FINRA arbitration. The parties shall file a joint report concerning the status of the resolution of Mathews's FINRA complaint on the earlier of: a) January 31, 2020, or b) within seven days of the termination of the FINRA action.

SO ORDERED.

 /s/ Leo T. Sorokin
United States District Judge